## PIESEKAR v. ESCHUK.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Nov. 14, 1927.

Syllabus by Editorial Staff.

398. DISMISSAL—Where, at close of plaintiff's evidence, motion to dismiss without prejudice has been granted, defendant, who has proceeded on cross-claim until defeat is probable, entitled to dismissal without prejudice.

Error to Municipal Court.
Judgment reversed.

Charles Lefkovitz, Cleveland, for Piesekar.
M. M. Lucak, Cleveland, for Eschuk.

STATEMENT OF FACTS.

Plaintiff below, William Eschuk, sued for damages to his automobile and alleged, as negligence, that defendant Albert Piesekar carelessly and recklessly operated his automobile. To this pleading, there was filed a statement of defense denying negligence; and, by way of cross petition, a claim for damages against plaintiff on the ground that he was going at a high and excessive rate of speed and that, by reason thereof, defendant's automobile was damaged.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

SULLIVAN, PJ:

It appears, by the record, that when the plaintiff rested his case, a motion was made

for judgment for the defendant, which was overruled by the court. Other witnesses were then called for plaintiff, and subsequently the court permitted plaintiff to dismiss his case without prejudice, and exception was taken thereto by defendant, and, thereupon, defendant proceded with his cross-statement of claim, and it appears, by the record, that before actual judgment was pronounced on the cross-statement of claim, the defendant made a motion to dismiss the same and was overruled by the court, after discussing the question of contributory negligence and intimating what the judgment might be, but before pronouncing judgment, as before noted.

Thus the question is whether the court committed error in not giving the defendant the right to dismiss his cross-statement of claim before judgment, especially when, after a similar request by plaintiff's attorney, at the conclusion of his case, the court allowed the dismissal of the statement of claim. It is our unanimous opinion that there was error prejudicial to the defendant below. Wiswell v. Congregational Church of Cincinnati, 14 OS. 31; Brinkerhoff, Trustee v. Smith, 57 OS. 610; Schram v. Cincinnati, 14 N. P. (N.S.) 109.

In accordance with these authorities we hold that the court below committed error, and the judgment below is hereby reversed and the cause remanded for further proceedings according to law.

(Vickery and Levine, JJ., concur.)